UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAMASAKI ASSOCIATES, INC.,

        Plaintiff,

v.                                                          Case No. 08-11540
                                                         Honorable Julian Abele Cook, Jr.

SYSKA HENESSY GROUP, INC.,

        Defendant.

ORDER

On February 19, 2008, the Plaintiff, Yamasaki Associates, Inc. ("Yamasaki"), filed a complaint in Oakland County Circuit Court of Michigan against the Defendant, Syska Hennessy Group, Inc. ("Syska"). The case, which was later removed to this federal court in April 2008, involves claims against Syska by Yamasaki for a violation of the terms within the parties' contract.

On March 17, 2008, Syska filed a lawsuit in the United States District Court for the Southern District of New York, contending that Yamasaki had breached their written agreement. Syska thereafter sought a dismissal of this case on improper venue grounds or, in the alternative, to obtain a transfer of this litigation to the Southern District of New York. Syska's motion was denied by the Court. On December 15, 2009, the parties entered into a stipulation to (1) transfer Syska's lawsuit in the Southern District of New York to this Court and (2) consolidate the two federal cases.

On March 12, 2010, the Court granted a motion to withdraw to Yamasaki's attorney who

1

cited unreconcilable differences as the basis for his request for relief. At the same time, the Court also (1) stayed this litigation for a period of sixty days in order to afford Yamasaki an opportunity to retain a substitute counsel and (2) directed its former lawyer to serve its client with a copy of the order which had authorized him to withdraw and (3) required him to file a proof of service which would contain his client's last known address with the Court.[1] No other attorney has filed an appearance on Yamasaki's behalf as of this date.[2]

Nearly one month later, Syska filed a motion for summary judgment on April 7th, which has not produced any response from Yamasaki. Following the expiration of the sixty day stay of this litigation, the Court scheduled a hearing regarding Syska's motion and mailed a notice of the hearing to Yamasaki at its last known address. However, the notice was returned to the Court with a message from the United States Postal Service which indicated that the addressee (Yamasaki) had moved and left no forwarding address. The Court cancelled the hearing and is now ready to rule on Syska's dispositive motion.

I.

In the spring of 2006, Baytur Construction and Contracting Company was awarded a contract to construct the Qatar Education City Convention Centre to be located in Doha, Qatar. It subsequently retained Yamasaki to perform the architectural services related with the project,

---

[1] The former counsel for Yamasaki filed a certificate of service on May 3, 2010, asserting that he had served his client with a copy of the order which had allowed him to withdraw as the attorney for the Plaintiff on March 16, 2010. Yamasaki's last known address is 900 Tower Drive, Suite 700, Troy, Michigan 48084.

[2] The Court notes that the Sixth Circuit has held that "a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

including engineering services. In turn, Yamasaki retained Syska to provide mechanical, electrical, plumbing, and lighting services for the development of the project. Pursuant to an agreement between Yamasaki and Syska, the latter was to be paid a fee for the performance of its services as well as costs and expenses incurred in providing that service.

During the following year, disputes arose between Yamasaki and Syska over such issues as money and the quality of the services performed. It was Syska's position that it had only received a partial payment of the monetary compensation which had been agreed by the parties' contract. However, Yamasaki contended that it was unwilling to pay for substandard and untimely performance. After numerous efforts to resolve the parties' disagreements proved to be unsuccessful, Yamasaki filed the instant lawsuit.

II.

Pursuant to the Federal Rules of Civil Procedure, a court must grant a motion for a summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is an absence of genuine issues of material fact. *Celotex Cor. v. Catrett*, 477 U.S. 317, 323 (1986). The reviewing court must determine whether there is evidence to create a sufficient disagreement that must be submitted to the trier of fact or whether it is so one-sided that the moving party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Once the movant supports its motion for summary judgment, the nonmovant cannot rest on the allegations in its pleadings, but must set forth specific facts showing that there is a genuine issue

3

of a material fact to be decided at trial. Fed. R. Civ. P. 56(e). However, in reviewing the motion and opposition papers, the court must draw all inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

III.

Syska claims that on November 17, 2009, it served Yamasaki with a set of discovery requests, including various applications for admissions which included, among others, the following:

- Yamasaki retained Syska to provide engineering services for the Project.

- Yamasaki agreed to and was obligated to pay Syska the lump sum fee of $4,690,100 for the performance of basic services and to reimburse Syska for the actual expenditures incurred relating to Syska's services on the Project.

- Yamasaki agreed to compensate Syska for all additional services performed on the project in accordance with Syska's hourly rate schedule for personnel performing services on the Project.

- Pursuant to the agreement between the parties, Syska was to receive $5,113,198.56 from Yamasaki for basic services, additional services and reimbursable costs incurred for its work on the Project.

- Yamasaki has paid Syska $3,178,817.93 to date for the services performed by Syska on the Project.

- Yamasaki owes Syska $1,934,380.61 for services Syska performed on the Project.

- Syska did not provide inferior quality work on the Project.

- Syska did not provide untimely services on the Project.

4

- Syska did not issue invoices with excessive billings for its services on the Project.

(Mot. for Summ. J., Ex. 1, Requests for Admission.)

According to Syska, Yamasaki, in failing or refusing to respond to these requests for admissions in a timely manner, has impliedly admitted the truthfulness of these statements. Based on the establishment of these facts, it argues that there are no genuine issues of a material fact to be resolved with respect to Yamasaki's breach of contract claim or to Syska's claims of breach of contract, quantum meruit, unjust enrichment, and account stated.

Fed. R. Civ. P. 36(a)(3) provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Here, Syska has alleged that despite its service of the above-listed requests for admission in November 2009, Yamasaki has failed to submit any response. Nearly one year has now transpired, and Yamasaki has neither objected to Syska's representations nor sought any relief from the Court of the thirty day deadline which can be found in Rule 36(a)(3). As such, the Court concurs with Syska that Yamasaki, by failing to respond to Syska's requests for admissions in a timely manner, has tacitly admitted the truthfulness of the factual allegations contained therein.

The Court now turns to the claims which have been asserted by the respective parties. In its complaint, Yamasaki alleges that Syska breached the parties' contract by (1) providing inferior quality work, (2) providing untimely services, and (3) issuing invoices with excessive billing. However, these allegations are explicitly contradicted by the factual admissions described above and instead establish that Syska performed all of the professional services required under the parties' contract in a timely manner and in accordance with their contract. Hence, the Court concludes that

no genuine issues of a material fact remain with respect to Yamasaki's breach of contract claim. Thus, Syska is entitled to a summary judgment.

Turning to the remaining claims in this lawsuit, Syska claims that, despite the complete performance of its responsibilities under the parties' agreement, Yamasaki has neglected and/or refused to pay the balance of $1,934,380.61, constituting a breach of contract. Alternatively, Syska alleges that even if the contract is deemed not to be enforceable, it is entitled to these monies under theories of quantum meruit, unjust enrichment, and/or account stated. However, as discussed above, inasmuch as the previously listed admissions establish that (1) there was an agreement between the parties, (2) Yamasaki violated its contractual obligation under the agreement, and (3) it now owes Syska $1,934,380.61, the Court holds that Syska is entitled to a summary judgment on the breach of contract claim. Hence, there is no need to address and resolve the remainder of Syska's alternative theories.

Accordingly, on the basis of the factual admissions in this case, along with Yamasaki's failure to (1) appear in this case with corporate counsel, and (2) respond to Syska's dispositive motion, the Court grants its application for the entry of a summary judgment.

IT IS SO ORDERED.

Dated:  August 25, 2010             s/Julian Abele Cook, Jr.
        Detroit, Michigan           JULIAN ABELE COOK, JR.
                                    United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective

6

email addresses or First Class U.S. mail to the non-ECF participants on August 25, 2010.

                                                                           s/ Kay Doaks
                                                                           Case Manager